**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID K. LEWIS, | ) NO. CV 09-3201-DOC(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| CDC&R DIRECTOR/KVSP WARDEN, | ) |
| Respondent. | ) |

    Petitioner, a state prisoner challenging a 1987 state court conviction, filed a document entitled "Petition for Writ of Habeas Corpus By a Person in State Custody Under 28 U.S.C. § 2241" ("the Petition") on May 6, 2009. Notwithstanding the title of the Petition, the Court must construe the Petition as a petition under 28 U.S.C. section 2254. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004), cert. denied, 543 U.S. 991 (2005) ("28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment . . .").

    As the Petition concedes, Petitioner previously challenged the same 1987 state court conviction in a habeas action filed in this

1  Court in 1995 (Petition at 7).  See Lewis v. Gomez, CV 95-02691-WDK(E)
2  ("the prior habeas action").  On February 14, 1996, the Court entered
3  judgment in the prior habeas action, denying and dismissing the prior
4  petition with prejudice.
5
6      The Court must dismiss the present Petition in accordance with
7  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
8  Effective Death Penalty Act of 1996").  Section 2244(b) requires that
9  a petitioner seeking to file a "second or successive" habeas petition
10 first obtain authorization from the court of appeals.  See Burton v.
11 Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
12 authorization from Court of Appeal before filing second or successive
13 petition, "the District Court was without jurisdiction to entertain
14 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
15 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
16 requires the permission of the court of appeals before 'a second or
17 successive habeas application under § 2254' may be commenced").  A
18 petition need not be repetitive to be "second or successive," within
19 the meaning of 28 U.S.C. section 2244(b).  See, e.g., Calbert v.
20 Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008); Miles v.
21 Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19, 2007).
22 Petitioner evidently has not yet obtained authorization from the Ninth
23 Circuit Court of Appeals.  Consequently, the Court cannot entertain
24 the present Petition.  See Burton v. Stewart, 549 U.S. 157; see also
25 Dews v. Curry, 2008 WL 590476, at *3 (E.D. Cal. Feb. 29, 2008)
26 (without Court of Appeals' authorization, "this court lacks
27 jurisdiction to consider the petition").
28 ///

1    For all of the foregoing reasons, the Petition is denied and
2    dismissed without prejudice.

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

6         DATED: May 18, 2009.

                                    /s/ David O. Carter
                                    _____
                                         DAVID O. CARTER
                                    UNITED STATES DISTRICT JUDGE

14   PRESENTED this 15th day of
15   May, 2009, by:

17   _____
           CHARLES F. EICK
18   UNITED STATES MAGISTRATE JUDGE

3